

**FILED**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FEB 0 6 2020 AC

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

UNITED STATES OF AMERICA

v.

ERICK BUSTAMANTE,
RICKY OWEN, and
JERY BARTON

Case No.: 19 CR 733

Violations: Title 18, United States
Code, Sections 1956(a)(1)(B)(i) and
1956(h)

JUDGE CHANG

MAGISTRATE JUDGE GILBERT

**COUNT ONE**

The SPECIAL JANUARY 2020 GRAND JURY charges:

1.      Beginning no later than in or about August 2017 and continuing to at least in or about September 2019, in the Northern District of Illinois, Eastern Division, and elsewhere,

ERICK BUSTAMANTE,
RICKY OWEN, and
JERY BARTON,

defendants herein, did conspire with each other, with Co-Conspirator A, and with others known and unknown to the Grand Jury, to knowingly conduct and attempt to conduct a financial transaction involving proceeds of a specified unlawful activity, namely, the felonious buying and selling and otherwise dealing in a controlled substance, knowing that the property involved in the transaction represented the proceeds of some form of unlawful activity, and that the transaction was designed, in whole or in part, to conceal and disguise the nature, location, source, ownership, and control of the proceeds of the specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

*Overview of the Conspiracy*

2.     It was part of the conspiracy that, from no later than in or about August 2017 to at least in or about September 2019, ERICK BUSTAMANTE, RICKY OWEN, JERY BARTON, and Co-Conspirator A participated in a money laundering organization ("MLO") that was responsible for collecting, depositing, and transferring large amounts of United States currency derived from the buying and selling of controlled substances ("drug proceeds"). During the conspiracy, ERICK BUSTAMANTE and RICKY OWEN, among others, (1) negotiated agreements with individuals who controlled bank accounts, including JERY BARTON and Co-Conspirator A, to allow the MLO to deposit drug proceeds into those bank accounts; (2) collected, and caused to be collected, drug proceeds from various individuals throughout the United States; (3) deposited, and caused to be deposited, the collected drug proceeds into bank accounts controlled by co-conspirators, including JERY BARTON and Co-Conspirator A; and (4) wire transferred, and caused to be wire transferred, the drug proceeds to other bank accounts. ERICK BUSTAMANTE and RICKY OWEN also delivered and caused to be delivered, drug proceeds to Wire Transfer Business A, which has locations in Chicago, Illinois, and Grand Rapids, Michigan, in furtherance of the conspiracy.

*The Collection of Drug Proceeds from Third Parties*

3.     It was further part of the conspiracy that ERICK BUSTAMANTE, RICKY OWEN, JERY BARTON, and Co-Conspirator A agreed with individuals who owned and controlled drug proceeds located in the United States ("drug proceeds owners") to have the MLO collect, deposit, and transfer drug proceeds from drug

proceeds couriers located throughout the United States, including in the Chicago area, on behalf of the drug proceeds owners.

4.    It was further part of the conspiracy that RICKY OWEN made, and caused to be made, travel arrangements for ERICK BUSTAMANTE to collect drug proceeds from the drug proceeds couriers, knowing the property involved in the collections represented the proceeds of some form of unlawful activity.

5.    It was further part of the conspiracy that, between August 2017 and September 2019, ERICK BUSTAMANTE and others, through telephone calls and electronic messages, coordinated with the drug proceeds couriers and others concerning the timing of the collections of the drug proceeds and the amount of proceeds to be collected.

6.    It was further part of the conspiracy that ERICK BUSTAMANTE and others used code names, code words, and particular telephone numbers to arrange the collection of drug proceeds from the drug proceeds couriers.

7.    It was further part of the conspiracy that ERICK BUSTAMANTE collected the drug proceeds from the drug proceeds couriers in a covert manner at parking lots, side streets, and other locations in the Northern District of Illinois, and elsewhere, knowing that the property involved in the collections represented the proceeds of some form of unlawful activity. The drug proceeds were generally transferred in amounts exceeding $10,000.

*Deposit of Drug Proceeds into Bank Accounts*

8.    It was further part of the conspiracy that ERICK BUSTAMANTE and RICKY OWEN recruited, and caused to be recruited, owners of bank accounts held

3

in the name of businesses and law practices, into which the drug proceeds were deposited. These bank account owners included JERY BARTON, Co-Conspirator A, and an undercover law enforcement agent posing as an employee of an aviation company based in West Chicago, Illinois.

9.      It was further part of the conspiracy that between in or around August 2017 and March 2019, ERICK BUSTAMANTE, RICKY OWEN, Co-Conspirator A, and others deposited, and caused to deposited, approximately $2,934,910 of drug proceeds into a Chase bank account number XXXXX3719, which was held in the name of Co-Conspirator A's company and was controlled by Co-Conspirator A, knowing that the property involved in each deposit represented the proceeds of some form of unlawful activity.

10.     It was further part of the conspiracy that between in or around January 2018 and May 2019, ERICK BUSTAMANTE, RICKY OWEN, JERY BARTON, and others deposited, and caused to be deposited, approximately $836,019 of drug proceeds into multiple bank accounts controlled by JERY BARTON, knowing that the property involved in the transactions represented the proceeds of some form of unlawful activity, including the following:

a.      approximately $218,641 between in or around January 2018 and April 2018, into Chase Interest on Lawyer Trust Account ("IOLTA") XXXXX6709;

b.      approximately $231,720 in or around May 2018, into Chase IOLTA account XXXXX8870;

c.      approximately $266,400 between in or around June 2018 and May 2019, into Huntington Bank IOLTA account XXXXXXX8708;

4

d.      approximately $57,143, between in or around September 2018 and December 2018, into Huntington Bank account XXXXXXX8931; and

e.      approximately $62,115, on or about May 2, 2019, into Huntington Bank account XXXXXXX9283.

11.      It was further part of the conspiracy that on or about April 17, 2019, ERICK BUSTAMANTE, RICKY OWEN, and others deposited, and caused to be deposited, approximately $94,000 into Bank of America bank account XXXXXXXX3716, which ERICK BUSTAMANTE believed to be a corporate bank account held in the name of the undercover agent's West Chicago-based aviation company. ERICK BUSTAMANTE and RICKY OWEN made this deposit, and caused it to be made, knowing that the property involved in the transaction represented the proceeds of some form of unlawful activity.

12.      It was further part of the conspiracy that, between August 2017 and September 2019, ERICK BUSTAMANTE, RICKY OWEN, JERY BARTON, Co-Conspirator A, and others attempted to wire transfer, wire transferred, and caused others to wire transfer and attempt to wire transfer, drug proceeds that the co-conspirators had deposited, and caused to be deposited into bank accounts to other bank accounts controlled by the MLO and others. ERICK BUSTAMANTE, RICKY OWEN, JERY BARTON, and Co-Conspirator A transferred, and caused others to transfer, these drug proceeds in order to further conceal the nature, location, source, ownership, and control of the proceeds, and to facilitate the transfer of drug proceeds earned from drug sales in the United States to the drug proceeds owners.

13.     It was further part of the conspiracy that from approximately August 2017 through May 2019, ERICK BUSTAMANTE, RICKY OWEN, JERY BARTON, Co-Conspirator A, and others, deposited, and caused to be deposited, and transferred, and caused to be transferred, approximately $3.8 million in drug proceeds into bank accounts controlled by JERY BARTON, Co-Conspirator A, and an undercover law enforcement agent, thereby concealing and disguising the nature, the location, the source, the ownership, and the control of the drug proceeds.

*Transfer of Drug Proceeds to Third Parties*

14.     It was further part of the conspiracy that RICKY OWEN made, and caused to be made, travel arrangements for ERICK BUSTAMANTE to deliver cash drug proceeds to a currency transfer business ("Currency Transfer Business A") located in Chicago, Illinois, and Grand Rapids, Michigan, knowing that the property involved in the deliveries represented the proceeds of some form of unlawful activity.

15.     It was further part of the conspiracy that ERICK BUSTAMANTE, RICKY OWEN, and others delivered, and caused to be delivered, cash drug proceeds that the MLO collected from drug proceeds couriers to Currency Transfer Business A.

16.     It was further part of the conspiracy that, between in or around April 2019 and May 2019, ERICK BUSTAMANTE, RICKY OWEN, and others, delivered, and caused to be delivered, approximately $311,980 in cash drug proceeds to Currency Transfer Business A in Chicago, and approximately $180,550 in cash drug proceeds to Currency Transfer Business A in Grand Rapids, knowing that the

property involved in these deliveries represented the proceeds of some form of unlawful activity.

17.   It was further part of the conspiracy that ERICK BUSTAMANTE, RICKY OWEN, and others recruited and attempted to recruit undercover law enforcement agents, who were posing as pilots, to fly quantities of narcotics and narcotics proceeds from one location to another, including locations in the United States and elsewhere.

18.   It was further part of the conspiracy that ERICK BUSTAMANTE, RICKY OWEN, JERY BARTON, Co-Conspirator A, and others known and unknown to the Grand Jury, did conceal and hide, and cause to be concealed and hidden, the purposes and the acts done in furtherance of the conspiracy, including through the use of code names, coded language, counter-surveillance, multiple bank accounts, and other means to avoid detection and apprehension by law enforcement authorities.

In violation of Title 18, United States Code, Section 1956(h).

**<u>COUNT TWO</u>**

The SPECIAL JANUARY 2020 GRAND JURY further charges:

On or about August 30, 2017, at Norridge, in the Northern District of Illinois, Eastern Division, and elsewhere,

ERICK BUSTAMANTE,

defendant herein, did knowingly conduct and cause another to conduct a financial transaction affecting interstate and foreign commerce, namely, a deposit of approximately $15,000 into Chase account number XXXXX3719, which involved the proceeds of a specified unlawful activity, that is, the felonious buying and selling and otherwise dealing in a controlled substance, knowing that the transaction was designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of said specified unlawful activity, and that while conducting such financial transaction, knew that the property involved in the financial transaction, represented the proceeds of some form of unlawful activity.

In violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 2.

## COUNT THREE

The SPECIAL JANUARY 2020 GRAND JURY further charges:

On or about August 30, 2017, at Norridge, in the Northern District of Illinois, Eastern Division, and elsewhere,

### ERICK BUSTAMANTE,

defendant herein, did knowingly conduct and cause another to conduct a financial transaction affecting interstate and foreign commerce, namely, a deposit of approximately $11,000 into Chase account number XXXXX3719, which involved the proceeds of a specified unlawful activity, that is, the felonious buying and selling and otherwise dealing in a controlled substance, knowing that the transaction was designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of said specified unlawful activity, and that while conducting such financial transaction, knew that the property involved in the financial transaction, represented the proceeds of some form of unlawful activity.

In violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 2.

## COUNT FOUR

The SPECIAL JANUARY 2020 GRAND JURY further charges:

On or about April 17, 2019, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

### ERICK BUSTAMANTE,

defendant herein, did knowingly conduct and cause another to conduct a financial transaction affecting interstate and foreign commerce, namely, a deposit of approximately $94,000 into Bank of America account number XXXXXXXX3716, which involved the proceeds of a specified unlawful activity, that is, the felonious buying and selling and otherwise dealing in a controlled substance, knowing that the transaction was designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of said specified unlawful activity, and that while conducting such financial transaction, knew that the property involved in the financial transaction, represented the proceeds of some form of unlawful activity.

In violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 2.

## COUNT FIVE

The SPECIAL JANUARY 2020 GRAND JURY further charges:

On or about May 2, 2019, at Oak Lawn, in the Northern District of Illinois, Eastern Division, and elsewhere,

ERICK BUSTAMANTE and<br>
JERY BARTON,

defendants herein, did knowingly conduct and cause another to conduct a financial transaction affecting interstate and foreign commerce, namely, a deposit of approximately $62,115 into Huntington Bank account number XXXXXXX9283, which involved the proceeds of a specified unlawful activity, that is, the felonious buying and selling and otherwise dealing in a controlled substance, knowing that the transaction was designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of said specified unlawful activity, and that while conducting such financial transaction, knew that the property involved in the financial transaction, represented the proceeds of some form of unlawful activity.

In violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i)s and 2.

## COUNT SIX

The SPECIAL JANUARY 2020 GRAND JURY further charges:

On or about May 17, 2019, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

ERICK BUSTAMANTE and
RICKY OWEN,

defendants herein, did knowingly conduct a financial transaction affecting interstate and foreign commerce, namely, the delivery of approximately $158,610 of United States currency to Currency Transfer Business A, which involved the proceeds of a specified unlawful activity, that is, the felonious buying and selling and otherwise dealing in a controlled substance, knowing that the transaction was designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of said specified unlawful activity, and that while conducting such financial transaction, knew that the property involved in the financial transaction, represented the proceeds of some form of unlawful activity.

In violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 2.

## FORFEITURE ALLEGATION

The SPECIAL JANUARY 2020 GRAND JURY further alleges:

1.      Upon conviction of an offense in violation of Title 18, United States Code, Section 1956, as set forth in this Indictment, defendants shall forfeit to the United States of America any property involved in such offense, and any property traceable to such property, as provided in Title 18, United States Code, Section 982(a)(1).

2.      The property to be forfeited includes, but is not limited to:

a.      a personal money judgment in the amount of approximately $4,357,459; and

b.      the following specific property:

i.      approximately $2,934,910 deposited to Chase bank account XXXXX3719;

ii.      approximately $218,641 deposited to Chase IOLTA account XXXXX6709;

iii.      approximately $231,720 deposited to Chase IOLTA account XXXXX8870;

iv.      approximately $266,400 deposited into Huntington Bank IOLTA account XXXXXXX8708;

v.      approximately $94,000 deposited into Bank of America bank account XXXXXXXX3716;

vi.      approximately $57,143 deposited into Huntington Bank account XXXXXXX8931;

13

vii.      approximately $62,115 deposited into Huntington Bank account XXXXXXX9283;

viii.      approximately $311,980 seized from Currency Transfer Business A in Chicago on or about May 17, 2019;

ix.      approximately $180,550 seized from Currency Transfer Business A in Grand Rapids on or about May 17, 2019;

3.      If any of the property described above, as a result of any act or omission by a defendant: cannot be located  upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third party; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty, the United States of America shall be entitled to forfeiture of substitute property, as provided in Title 21, United States Code, Section 853(p).

A TRUE BILL:

_____
FOREPERSON

_____
UNITED STATES ATTORNEY